UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 3131 VETERANS BLVD LLC | CIVIL ACTION |
| VERSUS | NO. 24-753 |
| INDIAN HARBOR INSURANCE COMPANY, et al. | SECTION "J"(2) |

## ORDER AND REASONS

Before the Court is a *Motion to Stay Litigation* **(Rec. Doc. 5)** filed by Defendants, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company and a *Motion to Remand* **(Rec. Doc. 6)** filed by Plaintiff, 3131 Veterans Blvd LLC. Plaintiff filed an opposition to the motion to stay (Rec. Doc. 7), and Defendants filed a reply (Rec. Doc. 8). Defendants filed a memorandum in opposition to the motion to remand (Rec. Doc. 9), and Plaintiff filed a reply (Rec. Doc. 10). Having considered the motions and memoranda, the record, and the applicable law, the Court finds that the motion remand **(Rec. Doc. 6)** shall be **DENIED,** the motion to stay **(Rec. Doc. 5)** shall be **GRANTED in part**, and this case shall be **REFERRED** to arbitration.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff owns a commercial building located at 3131 Veterans Memorial Boulevard in Metairie, Louisiana ("the Property"). The Property suffered significant

1

damage during Hurricane Ida in August 2021. Defendants insured the Property under commercial insurance policies ("the Policy") that included an arbitration agreement. The arbitration clause states that "all matters in difference between the Insured and the [Insurers] in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal." (Rec. Doc. 1, at 3).

On September 15, 2022, Plaintiff filed an action in the 24th District Court for the Parish of Jefferson, claiming that Defendants breached the insurance contract and acted in bad faith by misrepresenting the terms of the Policy and failing to timely pay for damages to the Property. (Rec. Doc. 1-1, at 8-10). Plaintiff only sued the domestic Insurers subscribed to the policy, omitting from the petition two foreign insurers that also subscribe to the Policy: Certain Underwriters at Lloyd's London ("Lloyds") and HDI Global Specialty SE ("HDI"). (Rec. Doc. 1, at 1 n.1). Defendants, along with Lloyds and HDI will hereinafter be called the Insurers.

On November 18, 2022, the Insurers filed a suit in the United States District Court for the Southern District of New York and filed a motion to compel arbitration and motion to enjoin the Louisiana State Court Action. *Certain Underwriters at Lloyds, London, et al. v. 3131 Veterans Blvd LLC*, No. 22-9849, Rec. Docs. 2, 26 (S.D.N.Y. Nov. 18, 2022). Plaintiff also filed a motion to dismiss for lack of personal jurisdiction. *Id.*, Rec. Doc. 29 (S.D.N.Y. Dec. 19, 2022). On August 13, 2023, the court denied the Insurers' motion to compel arbitration and "as a result," found the motions to enjoin and dismiss moot. *Id.*, Rec. Doc. 37 (S.D.N.Y. Aug. 15, 2023). The court found

that La. R.S. 22:868 prohibited arbitration clauses and that the McCarran-Ferguson Act reverse-preempts the Convention and the Federal Arbitration Act. *Id.* The Insurers appealed to the United States Court of Appeals for the Second Circuit, and that appeal remains pending.

On March 25, 2024, Defendants removed the Louisiana State Court Action to this Court and filed the instant motion to stay on March 29, 2024. Defendants request that this Court stay this case pending resolution of their appeal in the Second Circuit. (Rec. Doc. 5). On April 9, 2024, Plaintiff filed the instant motion to remand, arguing that this Court is bound by the Southern District of New York's order regarding the enforceability of the arbitration agreement in the Policy. (Rec. Doc. 6).

## DISCUSSION

Balancing the interests of each party and the conservation of judicial resources, a stay is appropriate here. A district court has inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). But this control is "not unbounded," and a court must "weigh competing interests and maintain an even balance" before delaying a case premised on resolution of another legal proceeding. *Wedgeworth v. Fireboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). Specifically, the party seeking a stay bears the burden of justifying a delay by making "a clear case of hardship or inequity in being required to go forward," and the court must "carefully consider the time reasonably expected for resolution of the other case" because immoderate or indefinite stay orders are

3

reversible. *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)).

First, Defendants have carried their burden of showing hardship or inequity in being required to go forward. Defendants contend that if the stay is not granted, they would lose the ability to enforce the Arbitration Agreement, even if the Second Circuit overrules the SDNY. (Rec. Doc. 5-1, at 9). As an initial matter, it is not clear to the Court why the Insurers filed a second action in the Southern District of New York, after Plaintiff previously filed a lawsuit in Louisiana state court regarding the same Policy and same property damage in Louisiana. In hundreds of Hurricane Ida cases in this district, insurers (including the same companies named defendants in this case) have successfully removed and compelled arbitration to address the exact arbitration clause at issue in the Policy here, under clear Fifth Circuit precedent requiring district courts to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). As Defendants correctly note, the Fifth Circuit recently clarified that La. R.S. 22:868 does not reverse preempt the Convention because the McCarran Ferguson Act does not apply to treaties. *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 732 (5th Cir. 2024). Accordingly, Defendants would suffer hardship or inequity if this case proceeded in this Court.

Next, Plaintiff, a Louisiana company seeking damages for hurricane damage to a property located in Louisiana would experience a slight hardship if a stay is granted. Hurricane Ida struck and allegedly damaged the Property in August 2021,

4

thirty-two months ago. Delaying resolution of Plaintiffs' claims further to await a reversal from the Second Circuit may prejudice Plaintiff.

Considering the balance of interests, a stay should be granted here because this matter should proceed to arbitration to prevent further delay in resolution of this case. The Policy here contains an arbitration clause that reads, in relevant part:

> All matters in dispute between the Insured and the Companies (hereinafter referred to as "the parties') in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out. . .
>
> The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

(Rec. Doc. 6-2, at 6-7). This clause is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[1] The Convention, as implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, requires this Court to conduct a "very limited inquiry" and enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).[2]

---

[1] Where applicable, the Convention supersedes state law. *See McDonnel Grp., L.L.C. v. Great Lakes Ins. Se.*, 923 F.3d 427, 431–32 (5th Cir. 2019).
[2] The arbitration clause must also be otherwise valid, that is, not "inoperative or incapable of being performed." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1146 n.17 (5th Cir. 1985) (citation omitted).

Here, as in numerous cases before this court regarding this form of arbitration clause, all four requirements for compelling arbitration under the Convention are satisfied. The agreement is in writing to arbitrate the dispute. The agreement provides for arbitration in a signatory nation: the United States. The agreement also arises out of a commercial legal relationship through the contract of insurance between plaintiffs and defendants. *See* 9 U.S.C. § 202. And finally, at least one party to the agreement, Lloyds, is not a citizen of the United States, because multiple syndicates at Lloyds are citizens of the United Kingdom.[3][4] Finding that Plaintiff's claims fall under the Convention and must be submitted to arbitration, the Court must stay the action pending arbitration. 9 U.S.C. § 3 (mandating a stay when an issue subject to an arbitration clause is raised in a federal court).  Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that the *Motion to Stay Litigation* **(Rec. Doc. 5)** is **GRANTED in part.** This matter is **STAYED AND ADMINISTRATIVELY CLOSED,** pending a final decision by the Arbitration Tribunal. If any issues remain after a final judgment by the Arbitration Tribunal, any party may file a written motion for leave to reopen this matter.

---

[3] Defendants submit that HDI is also not a citizen of the United States.
[4] Compelled arbitration is warranted as to both the foreign Defendants and the domestic Defendants whose conduct is "intertwined, indeed identical." *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. March 4, 2020). Here, each Defendant subscribed to the same insurance policy for the same property, so compelled arbitration is warranted for all the Insurers.

**IT IS FURTHER ORDERED** that the *Motion to Remand* **(Rec. Doc. 6)** is **DENIED.**

New Orleans, Louisiana, this 23rd day of May, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE