UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

3131 VETERANS BLVD LLC                          CIVIL ACTION

VERSUS                                          NO.  24-753

INDIAN HARBOR INSURANCE                         SECTION "J"(2)
COMPANY, et al.

## ORDER AND REASONS

Before the Court is Plaintiff 3131 Veterans Blvd, LLC's *Second Motion to Reconsider/Set Aside Prior Order and to Remand Case* **(Rec. Doc. 21)**, requesting that the Court's May 23, 2024 Order denying remand, compelling arbitration and staying the proceedings (Rec. Doc. 11) be reconsidered and set aside, and that the matter be remanded to state court. (Rec. Doc. 21, at 3). Defendants oppose. (Rec. Doc. 22). Plaintiff filed its reply (Rec. Doc. 23). Having considered the motion, the memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

As previously described in a prior Order and Reasons, Plaintiff owns a commercial building located at 3131 Veterans Memorial Boulevard in Metairie, Louisiana ("the Property"). The Property suffered significant damage during Hurricane Ida in August 2021. Defendants insured the Property under a commercial insurance policy that includes an arbitration agreement. An endorsement in the insurance contract states that the insurance policy "shall be constructed as a separate contract between the Insured and each of the Underwriters."  (Rec. Doc. 1-3, at 6).

1

On September 15, 2022, Plaintiff filed this instant action in the 24th Judicial District Court for the Parish of Jefferson, claiming that the Defendants breached the insurance contract and acted in bad faith by misrepresenting the terms of the Policy and failing to timely pay for damages to the Property. (Rec. Doc. 1-1, at 8-10). Plaintiff only sued the domestic insurers subscribed to the Policy, omitting from the petition two foreign insurers that also subscribed: Certain Underwriters at Lloyd's, London ("Lloyds") and HDI Global Specialty SE ("HDI"). (Rec. Doc. 1, at 1 n.1). Defendants, along with Lloyds and HDI, will hereinafter be called the Insurers.

On November 18, the Insurers filed a suit in the United States District Court for the Southern District of New York ("SDNY") and filed a motion to compel arbitration and motion to enjoin the Louisiana state court action. *Certain Underwriters at Lloyds, London, et al. v. 3131 Veterans Blvd LLC*, No. 22-9849, Rec. Docs. 2, 26 (S.D.N.Y. Nov. 18, 2022). Plaintiff filed a motion to dismiss for lack of personal jurisdiction. *Id.*, Rec. Doc. 29 (S.D.N.Y. Dec. 19, 2022). On August 13, 2023, the SDNY denied the Insurers' motion to compel arbitration and "as a result," found the motions to enjoin and dismiss moot. *Id.*, Rec. Doc. 37 (S.D.N.Y. Aug. 15, 2023). The court found that Louisiana Revised Statute 22:868 prohibited arbitration clauses and that the McCarran-Ferguson Act reverse-preempts the Convention and the Federal Arbitration Act. *Id.* The Insurers appealed to the United States Court of Appeals for the Second Circuit, which reversed the SDNY to the extent that it relied on *Stephens v. Am. Int'l Ins.*, 66 F.3d 41 (2d Cir. 1995) for the position that Article II Section 3 of the Convention is not self-executing and remanded the case to the SDNY

for further proceedings. Rec. Doc. 41 (S.D.N.Y. May 8, 2025). Following remand, the parties filed further briefing as to whether the Insurers can compel arbitration in the SDNY litigation. Rec. Doc. 47 (S.D.N.Y. Jul. 25, 2025); Rec. Doc. 48 (S.D.N.Y. Aug. 25, 2025); Rec. Doc. 49 (S.D.N.Y. Sept. 12, 2025); Rec. Doc. 50 (S.D.N.Y. Dec. 12, 2025). The district court has yet to rule on the matter.

As for the procedural history of the Louisiana state court action, Defendants removed the suit to this Court on March 25, 2024 (Rec. Doc. 1) and then filed a motion to stay (Rec. Doc. 5). The Court granted the motion in part on May 23, staying the matter and compelling arbitration. (Rec. Doc. 11).  On June 17, 2025, Plaintiff filed a motion to reconsider that Order (Rec. Doc. 13), which the Court denied. (Rec. Doc. 20).

Based on the Fifth Circuit's recent decision in *Town of Vinton v. Indian Harbor Ins. Co.*, 161 F.4th 282 (5th Cir. 2025), Plaintiff filed this instant motion, again requesting that the Court's prior Order—staying the matter and compelling arbitration—be set aside and that the matter be remanded to state court. (Rec. Doc. 21, at 3).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. *SnoWizard*, 921 F. Supp. 2d at 563–64. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.* at 564 (citation omitted).

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Reconsideration of interlocutory orders under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Id.* (finding that district court abused its discretion in denying plaintiff's motion for reconsideration under Rule 59(e) rather than under Rule 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere*, 910 F.2d at 185).

4

## PARTIES' ARGUMENTS AND DISCUSSION

Plaintiff argues that the Fifth Circuit's decision in *Town of Vinton v. Indian Harbor Ins. Co.*, 161 F.4th 282 (5th Cir. 2025) compels this Court to lift the stay and remand this case to state court.  After reviewing that opinion, the Court agrees.

In *Vinton*, the Fifth Circuit contemplated facts that were materially identical to this case. There, a Louisiana insured sued domestic insurers and foreign insurers but subsequently dismissed the foreign insurers with prejudice. *Id.* at 286. The insured alleged that the domestic insurers breached their obligations under the policy. *Id.* The policy contained an arbitration agreement and an endorsement which stated that each contract "shall be constructed as a separate contract between the insured and each of the Underwriters." *Id.* The Court determined that the endorsement created a separate contract between the insured and each of the insurers. *Id.* at 287.  The Court held that because there were no foreign parties to the arbitration agreement, the Convention and the Federal Arbitration Act did not apply. *Id.* The Court rejected the insurers' argument that equitable estoppel compelled arbitration. *Id.* at 288. The Court explained that state contract law determines whether a contract can be enforced using equitable estoppel. *Id.* at 277. Relying on the Louisiana Supreme Court's decision in *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-00449 (La. 10/25/24), 395 So.3d 717, the Court held that Louisiana law prohibits arbitration clauses in Louisiana-issued insurance policies. *Id.* at 288.

Defendants argue that *Vinton's* decision is flawed because the Court failed to apply the test articulated in *Boyle v. United Techn. Corp.*, 487 U.S. 500, (1988). (Rec. Doc. 22, at 2). Under *Boyle*, federal common law should apply over state law if (1) there is a "uniquely federal interest" and (2) the "application of state law would 'frustrate specific objectives' of federal legislation." *Id.* at 506–07. Defendants contend that the application of the *Boyle* test compels the application of federal common law, instead of Louisiana state law, to determine the application of equitable estoppel to the arbitration agreement. (Rec. Doc. 22, at 2–6).

The Court disagrees. As Plaintiff points out in its reply, insurers have made this same argument in appellant briefing in at least four analogous cases before the Fifth Circuit. (Rec. Doc. 23, at 2 n.4). Each time, the Court refused to apply the *Boyle* test. *Boyle* is distinguishable because it addressed "when a contractor providing military equipment to the Federal Government can be held liable under state tort law for injury caused by a design defect." *Id.* at 502. *Boyle* did not involve arbitration, the Convention, or an insurance contract. So, *Boyle* is not applicable here.

Even if *Boyle* applied, the Court's decision would not change. *Boyle* explained that "few areas . . . are so committed by the Constitution and laws of the United States to federal control that state law is preempted and replaced" by federal common law. *Id.* at 504. Further, "where 'litigation is purely between private parties and does not touch the rights and duties of the United States,' federal law does not govern." *Id.* at 506 (citing *Bank of America Nat. Trust & Sav. Assn. v. Parnell*, 352 U.S. 29, 33 (1956)). In the McCarran-Ferguson Act, Congress expressed that insurance is a

uniquely state interest, and that no federal law should supersede state insurance law unless the federal law specifically concerns insurance. 15 U.S.C. §§ 1011–1012 (2026). Here the matter concerns private parties in an insurance contract dispute. Because the matter is exclusively between domestic insurers and domestic insureds, it does not implicate the Convention. *See Vinton*, 161 F.4th 286 (explaining that "the Convention applies only when a foreign citizen is a party to the arbitration agreement. There is no foreign party to any arbitration agreement at issue in this case.") The Court does not find that this dispute touches upon the rights and duties of the United States. There is no uniquely federal interest at stake. Therefore, Louisiana contract law applies, and the arbitration agreement is unenforceable.

Defendants next argue that this case should be stayed because of their pending action in the SDNY. (Rec. Doc. 22, at 6–8). They argue that the district court in that case could issue a different ruling under Second Circuit law, thus leading to inconsistent actions. *Id*. Defendants argue that this case should thus be stayed in the interest of efficiency and judicial economy. *Id*.

Defendants raise compelling arguments, but this Court lacks subject matter jurisdiction. Defendants' sole basis for subject matter jurisdiction is that there is a valid arbitration agreement that falls under the Convention. (Rec. Doc. 1, at 2). However, without an enforceable arbitration agreement, the Convention does not apply. As the Fifth Circuit explained:

> *Vinton* dictates the outcome here. The [insured]'s insurance policy includes an identical endorsement provision to that at issue in *Vinton*. Accordingly, there is no foreign party to any arbitration agreement at issue in this case, nor any agreement that falls within the Convention's

scope. Since the Convention's applicability is the sole basis for subject-matter jurisdiction, it follows that we lack it.

*Police Jury of Calcasieu Par. v. Indian Harbor Ins.* Co. No. 24-30696, 2026 WL 216528 (5th Cir. Jan. 27, 2026). As in the cases of *Vinton* and *Police Jury*, the endorsement here provides that the insurance "contract shall be constructed as a separate contract between the Insured and each of the Underwriters." (Rec. Doc. 1-3, at 6). No foreign entity is a party to this suit, and the domestic insurers may not enforce the arbitration provision because it is against Louisiana law. The only ground supporting subject matter jurisdiction no longer exists. This Court cannot overcome a lack of subject matter jurisdiction in the interest of efficiency and judicial economy. "Without jurisdiction [a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Therefore, the Court must remand the case.

## CONCLUSION

Accordingly**,**

**IT IS HEREBY ORDERED** that Plaintiff's *Second Motion to Reconsider/Set Aside Prior Order and to Remand Case* **(Rec. Doc. 21)** is **GRANTED,** and that the stay previously entered in this case **(Rec. Doc. 11) is LIFTED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this 29th day of April, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

9